| | |
|---|---|
| **DEBORAH MYSLIVIEC, Individually and as Administrator of the Estate of RANDOLPH MYSLIVEIC, Deceased,** ) <br> ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **AVSTAR FUEL SYSTEMS, INC., a Florida Corporation; LYCOMING an Operating Division of AVCO CORPORATION; AVCO CORPORATION, a Delaware Corporation, PIPER AIRCRAFT, INC., a Delaware Corporation; PARKER HANNIFIN CORPORATION, an Operating Division of NICHOLS AIRBORNE DIVISION, an Ohio Corporation; PRECISION AIRMOTIVE, LLC., a Washington Corporation; HARTZELL ENGINE TECHNOLOGIES, LLC, a Delaware Corporation; DUKES AEROSPACE, INC., a Delaware Corporation; CHAMPION AEROSPACE, LLC, a Delaware Corporation; and FLOSCAN, INC., a Nevada Corporation.** ) <br> ) <br> **Defendants.** ) | Civil Action No.: <br><br><br><br><br><br> **COMPLAINT** |

NOW COMES DEBORAH MYSLIVIEC, Individually and as Administrator of the Estate of RANDOLPH MYSLIVIEC, deceased (hereinafter "Plaintiffs"), and hereby allege against Defendants AVSTAR FUEL SYSTEMS, INC.; LYCOMING an Operative Division of AVCO CORPORATION; AVCO CORPORATION; PIPER AIRCRAFT, INC.; PARKER HNNIFIN CORPORATION, an Operating Division of NICHOLS AIRBORNE DIVISION; PRECISION AIRMOTIVE, LLC; DUKES AEROSPACE, INC.; CHAMPION AEROSPACE, LLC; and FLOSCAN, INC. as follows:

**PARTIES AND JURISDICTION**

1

1.      PLAINTIFF was and is appointed by the State of North Carolina to serve as the duly appointed and acting Administrator of the Estate of Randolph Mysliviec.  She brings this action individually and in her capacity as Personal Representative.

2.      Upon information and belief, and at all material times complained of herein, Defendant AVSTAR FUEL SYSTEMS, INC. (hereinafter referred to as "AVSTAR)") is a business entity duly incorporated in the State of Florida.  Its principal place of business is 1365 Park Lane South, Jupiter, FL 33458.  Therefore, AVSTAR is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

3.      Upon information and belief, and at all material times complained of herein, Defendant LYCOMING, an operating division of AVCO CORPORATION, and AVCO CORPORATION (hereinafter referred to as "AVCO") is a business entity duly incorporated in the State of Delaware.  Its principal place of business is 920 Westport Parkway, Suite 100, Haslet, TX, 76177.  Therefore, AVCO is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

4.      Upon information and belief, and at all material times complained of herein, Defendant PIPER AIRCRAFT, INC. (hereinafter referred to as "PIPER)") is a business entity duly incorporated in the State of Delaware.  Its principal place of business is 2926 Piper Drive, Vero Beach, FL 32960.  Therefore, PIPER is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

5. Upon information and belief, and at all material times complained of herein, PARKER HANNIFIN CORPORATION – NICHOLS AIRBORNE DIVISION (hereinafter referred to as "PARKER") is a business entity duly incorporated in the State of Ohio. Its principal place of business is 6035 Parkland Boulevard, Cleveland, OH, 44125. Therefore, PARKER is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

6. Upon information and belief, and at all material times complained of herein, PRECISION AIRMOTIVE, LLC. (hereinafter referred to as "PRECISION") is a business entity duly organized in the Washington. Its principal place of business is 17716 48th DR NE, Arlington, WA, 98223-6439. Therefore, PRECISION is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

7. Upon information and belief, and at all material times complained of herein, HARTZELL ENGINE TECHNOLOGIES, LLC. (hereinafter referred to as "HARTZELL") is a business entity duly organized in Delaware. Its principal place of business is One Propeller Place, Piqua, OH 45356. Therefore, HARTZELL is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

8. Upon information and belief, and at all material times complained of herein, DUKES AEROSPACE, INC. (hereinafter referred to as "DUKES") is a business entity duly incorporated in Delaware. Its principal place of business is 1301 E. 9th street, Suite 3000, Cleveland, OH 44114. Therefore, DUKES is not incorporated in North Carolina, has no

principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

9. Upon information and belief, and at all material times complained of herein, CHAMPION AEROSPACE, LLC (hereinafter referred to as "CHAMPION") is a business entity duly organized in Delaware. Its principal place of business is 1230 Old Norris Rd, Liberty, SC 29657. Therefore, CHAMPION is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

10. Upon information and belief, and at all material times complained of herein, FLOSCAN, INC. (hereinafter referred to as "FLOSCAN") is a business entity duly organized in Nevada. Its principal place of business is 4204 Russell Road, Mukilteo, WA 98275. Therefore, FLOSCAN is not incorporated in North Carolina, has no principal place of business in North Carolina and has no registered agent in North Carolina but is operating and conducting business in the State of North Carolina as set forth hereinbelow.

11. Jurisdiction is appropriate in this court under 28 U.S.C. §§ 1331 under 28 U.S.C. §§ 1332. Damages in this action exceed $75,000.00. Venue in this district is proper as the Defendants were and do business in this district. The aircraft and its components were based at Lake Norman Airpark, Mooresville, NC. The aircraft and its components failed during a flight in Mooresville, NC, resulting in the crash of the aircraft and the death of Randy Mysliviec in Mooresville, NC.

**FACTUAL ALLEGATIONS**

12. Defendant Piper designed, tested, manufactured, certified, advertised, labeled, warned, distributed, and/or sold the PA-46R-350T aircraft and its component parts.

13. The aircraft involved in this crash was a Piper PA-46R-350T which had a tail number of N539MA

14. Defendant AVCO designed, tested, manufactured, certified, advertised, labeled, warned, distributed, and/or sold the TIO-540-AE2A aircraft engine and its component parts. The TIO-540-AE2A aircraft engine was installed on the aircraft at the time of the crash. Further, AVCO, overhauled the engine installed on the aircraft. The engine was overhauled on July 14, 2023.

15. The remaining Defendants designed, tested, manufactured, certified, advertised, labeled, warned, distributed, and/or sold various components of aircrafts power and fuel delivery systems.

16. On December 31, 2023, a Piper PA-46R-350T aircraft, tail number N539MA, crashed enroute to Lake Norman Airpark, Mooresville, NC. The pilot, Randolph T. Mysliviec was killed as a result of the crash.

17. The crash was the result of an unexpected engine failure which was not caused or contributed to the actions of the pilot.

18. Witnesses reported that just prior to the crash, no engine noise could be heard. These reports were confirmed by several video recordings that there was no engine noise during the planes final descent.

19. Following the crash, Randolph T. Mysliviec was severely injured and was able to communicate with first responders prior to and as he as extricated from the wreckage.

20. Randolph T. Mysliviec succumbed to his injuries enroute to the hospital.

21. At the time of the crash, the engine has accrued 47.6 hours of operation since overhaul by Defendant AVCO.

## COUNT I
## NEGLIGENCE
## As to Defendant AVCO

22. All forgoing paragraphs are incorporated herein.

23. At all times material hereto, AVCO designed, tested, manufactured, overhauled, certified, advertised, labeled, warned, distributed, and/or sold the TIO-540-AE2A aircraft engine and its component parts. The TIO-540-AE2A aircraft engine was installed on the aircraft at the time of the crash. Further, AVCO, overhauled the engine installed on the aircraft. The engine was overhauled on July 14, 2023.

24. At all times material hereto, AVCO had a duty to ensure that the accident aircraft engine was overhauled in a safe and prudent manner.

25. At all times material hereto, AVCO owed a duty to DECEDENT to overhaul the engine, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind, including injury and death as a result of known dangers posed by an improperly overhauled engine.

26. The air crash, which occurred on December 31, 2023, and which resulted in the death of the DECEDENT, was a foreseeable, direct and proximate result of the negligence and willful misconduct alleged herein of AVCO..

27. AVCO negligently breached the duties owed to the DECEDENT in some or all of, but not limited to, the following regards:

    a) Failed to properly inspect, service, maintain, overhaul, and repair the subject engine and its component parts and systems, and knew or should have known of the defects and dangerous conditions in the engine and its component parts and systems, but failed to correct the

        known defects and dangerous conditions;

b)      Failing to ensure that the engine was properly maintained, serviced and/or repaired so that the engine could be safely operated;

c)      Knew, should have known, or in the exercise of reasonable care, would have known, that an engine under such conditions, it was reasonably foreseeable that the DECEDENT would face an unreasonable risk of personal injury or death.

d)      Failing to warn, including the Decedent, of such dangerous conditions; and

e)      Other acts or omissions as may be discovered during the discovery phase of this litigation

WHEREFORE, as a foreseeable, direct and proximate result of the acts and/or omissions, of the Defendants, Plaintiff hereby demands judgment against for:

a)      Damages in excess of ten thousand dollars ($75,000.00); All economic and non-economic damages allowed by law;

b)      a measurable and significant period before and after the impacts (1) with trees; and (2) with the ground, well as before the death of the DECEDENT during which the DECEDENT sustained significant personal injuries, including conscious and physical pain and suffering, pre and post multiple impact fright and terror, fear of impending death, mental anguish, emotional distress, and other severe injuries, suffering, distress and harm for a measurable period of time prior to his death;

c)      mental and physical pain and suffering of the wife, family and beneficiaries of the DECEDENT;

d)      loss of consortium, society and love;

e)      loss of companionship, guidance, care, comfort and advice;

f)      loss of the DECEDENT'S life as well as his ability to enjoy that life;

g)      loss of enjoyment of life of DECEDENT'S surviving wife and family and beneficiaries;

h)      loss of the value of living one's life and the value of life's pleasures;

- i) loss of the value of the wife and family of not having to live one's life alone;

- j) loss of the value of a spouse;

- k) loss of income;

- l) loss of support in money or in kind;

- m) loss of services in money or in kind;

- n) loss of gross earning power and earning capacity;

- o) loss of past earnings;

- p) loss of future and prospective earnings;

- q) loss of inheritance;

- r) all other losses up to and including the full pecuniary loss of the DECEDENT;

- s) loss of prospective estate accumulations;

- t) grief, emotional distress, sorrow of the surviving spouse and family;

- u) funeral expenses, memorials and other expenses due to the deaths of the DECEDENT;

- v) prejudgment interest;

- w) costs and attorneys' fees; and

- x) any and all other damages to which the DECEDENT, and his wife, representative, estate, survivors and beneficiaries are lawfully entitled.

## COUNT II
## PRODUCTS LIABILITY
### (North Carolina General Statutes Chapter 99B and Other Applicable Law According to Proof)
### ALL Defendants

28. All other paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

8

29. Defendant PIPER, designed, manufactured, inspected, tested, trained, warranted, distributed, certified, supported, fabricated, and sold the PA-36R-350T aircraft, and required manuals and instructions, specifically and including N539MA.

30. Defendant, AVCO, designed, tested, manufactured, overhauled, certified, advertised, labeled, warned, distributed, and/or sold the TIO-540-AE2A aircraft engine and its component parts. The TIO-540-AE2A aircraft engine was installed on the aircraft at the time of the crash. aircraft engine and its component parts. The TIO-540-AE2A aircraft engine was installed on the aircraft at the time of the crash.

31. The remaining defendants designed, tested, manufactured, overhauled, certified, advertised, labeled, warned, distributed, and/or sold, engine and fuel system components.

32. At all material times complained of herein, the subject aircraft, its engine, engine components, and fuel system components were in substantially the same condition as designed, manufactured, sold and delivered.

33. At all relevant times, N539MA was used in a way that was reasonably foreseeable to Defendants.

34. At all times herein mentioned, Defendants, knew and intended that PA-36R-350T aircraft and its component parts would be purchased by members of the public, and used by the purchasers, pilots, and passengers without inspection for defects.

35. At all relevant times N539MA was defective in that, among other things, the engine, fuel control system component parts, and other component parts, contained manufacturing and/or design defects that caused N539MA to experience mechanical failure during normal flight, resulting in, among other things, uncontrollable power loss, resulting in the

crash, the injuries and death of Decedent, and damages to Plaintiff, according to proof at the time of trial.

36. By virtue of the foregoing defects and conditions in N539MA, the risks associated with the design of the aircraft, engine, fuel control system, and other parts outweigh its benefits taking into account the potential harm to the aircraft occupants, the likelihood that this harm would occur, the existence of several alternative designs at the time of the design and manufacture and the cost of safer alternative designs.

37. Additionally, as manufactured, designed, distributed and sold, N539MA, its engine, fuel system component parts, and other parts, was defective in that N539MA suffered catastrophic mechanical failure and loss of power during normal flight operations, causing the aircraft not to perform as safely as an ordinary consumer would have expected it to.

38. The Defendant's aforementioned defects, failures and breach of duty to reasonably design, formulate, manufacture, overhaul, inspect, market, sell and distribute, among other activities, the defective aircraft, engine, fuel system component parts, and other parts and Defendant's failure to warn Decedent and others of the defects and dangers, were the actual and proximate cause of the pain, suffering, injury, emotional distress, terror, and loss of life experienced by Decedent.

39. At all material times complained of herein, Defendants had a duty to use reasonable care in the manner in which it designed, manufactured, overhauled, marketed and sold PA-46R-350T aircraft, its engine, fuel system component parts, and other parts, including N539MA.

<u>**COUNT III**</u>
<u>**BREACH OF WARRANTY**</u>
<u>**(North Carolina General Statutes Chapter 99B and Other Applicable Law According to Proof)**</u>

10

40. All other paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

41. The Defendants breached expressed warranties both verbal and in writing, that the aircraft, engine, fuel system component parts, and other parts would meet a specific level of quality, function and performance.

42. The Defendants breached implied warranties including the implied warranty of merchantability that the aircraft, its engine, fuel system component parts, and other parts would perform the purposes for which they were designed and the implied warranty of fitness that the product would reasonably perform the specific purposes and intentions for which the aircraft, its engine, fuel system component parts, and other parts was designed by Defendants and purchased by the Decedent.

43. The Defendants expressly and impliedly warranted the aircraft, its engine, fuel system component parts, and other parts to the Decedent.

44. There was a breach of warranty in that the aircraft, its engine, fuel system component parts, and other parts was defective at the time it left control of the Defendant.

45. The defects in the aircraft, its engine, fuel system component parts, and other parts proximately cause Plaintiffs' damages.

### COUNT II
### WRONGFUL DEATH
### ALL DEFENDANTS

46. At all times material hereto, the DEFENDANTS were the parties responsible for the design, testing, manufacture, overhaul, certification, labeling, warning, distribution, and/or sale, of the aircraft, engine and fuel system components.

47. At all times material hereto, the DEFENDANTS had a duty to ensure that the design, testing, manufacture, overhaul, certification, labeling, warning, distribution, and/or

sale, of the aircraft, engine and fuel system components was conducted in a safe and prudent manner.

48. At all times material the DEFENDANTS owed a duty to DECEDENT to the design, test, manufacture, overhaul, certify, label, warn, distribute, and/or sell, the aircraft, engine and fuel system components., with a reasonable degree of care, and to exercise a reasonable degree of care to prevent injury of any kind, including injury and death as a result of known dangers posed by improper design, testing, manufacture, overhaul, certification, labeling, warning, distribution, and/or sale, of the aircraft, engine and fuel system components.

49. The air crash which occurred on December 31, 2025, and which resulted in the death of the DECEDENT, was a foreseeable, direct and proximate result of the negligence and willful misconduct alleged herein of the DEFENDANTS.

50. The MAINTENANCE DEFENDANTS negligently breached the duties owed to the DECEDENT in some or all of, but not limited to, the following regards:

    a) Failed to properly design, test, manufacture, overhaul, certify, label, warn, distribute, and/or sell, the aircraft, engine and fuel system components.

    b) Failing to ensure that the aircraft, engine, fuel system component parts, and other parts was properly designed, tested, manufactured, overhauled, certified, labeled, provided adequate warnings, distributed, and/or sold, so that the aircraft could be safely operated;

    c) Knew, should have known, or in the exercise of reasonable care, would have known, that flight under such conditions, it was reasonably foreseeable that the DECEDENT would face an unreasonable risk of personal injury or death.

    d) Failing to warn, including the Decedent, of such dangerous conditions; and

    e) Other acts or omissions as may be discovered during the discovery

phase of this litigation

WHEREFORE, as a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff hereby demands judgment against Defendants for:

a) Damages in excess of ten thousand dollars ($75,000.00); All economic and non-economic damages allowed by law;

b) a measurable and significant period before and after the impacts (1) with trees; and (2) with the ground; as well as before the death of the DECEDENT during which the DECEDENT sustained significant personal injuries, including conscious and physical pain and suffering, pre and post multiple impact fright and terror, fear of impending death, mental anguish, emotional distress, and other severe injuries, suffering, distress and harm for a measurable period of time prior to his death;

c) mental and physical pain and suffering of the wife, family and beneficiaries of the DECEDENT;

d) loss of consortium, society and love;

e) loss of companionship, guidance, care, comfort and advice;

f) loss of being allowed to live his life and the enjoyment of the life of the DECEDENT;

g) loss of enjoyment of life of DECEDENT'S surviving wife, family and beneficiaries;

h) loss of the value of living one's life and the value of life's pleasures;

i) loss of the value of the wife and family of not having to live one's life alone;

j) loss of the value of a spouse;

k) loss of income;

l) loss of support in money or in kind;

m) loss of services in money or in kind;

n) loss of gross earning power and earning capacity;

o) loss of past earnings;

p) loss of future and prospective earnings;

q) loss of inheritance;

r) all other losses up to and including the full pecuniary loss of the DECEDENT;

s) loss of prospective estate accumulations;

t) grief, emotional distress, sorrow of the surviving spouse and family;

u) funeral expenses, memorials and other expenses due to the death of the DECEDENT;

v) prejudgment interest;

w) costs and attorneys fees; and

x) any and all other damages to which the DECEDENT, his wife, representative, estate, survivors and beneficiaries are lawfully entitled.

y) For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby request a jury trial on all issues allowed by law.

DATED this 30th day of December, 2025.

Respectfully submitted

/s/ John D. Hurst
John D. Hurst, Esq., NC Bar # 37680
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile: 843-216-9450
jhurst@motleyrice.com

*Attorneys for Plaintiff*